IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GARY STEELE, GREEN POINT APARTMENTS, LTD., AND STEELE PROPERTIES LP, <br>     PLAINTIFFS, <br><br> V. <br><br> SCOTTSDALE INSURANCE COMPANY; US RISK UNDERWRITERS <br>     DEFENDANTS. | § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. 7:15-CV-442 <br><br><br><br><br> [JURY DEMANDED] |

## DEFENDANT'S, SCOTTSDALE INSURANCE COMPANY'S, NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows.

### I.   PROCEDURAL HISTORY

1. On July 1, 2015, Plaintiffs, Gary Steele, Green Point Apartments, Ltd., and Steele Properties, L.P., filed their Original Petition and initiated an action against Defendants, Scottsdale and US Risk Underwriters, in the 430th Judicial District Court of Hidalgo County, Texas, in Cause No. C-2839-15-J (the "State Court Action"). *See* Exhibit "A" attached hereto and incorporated herein by reference.

2. On September 24, 2015, Scottsdale was served through the Texas Commissioner of Insurance with a copy of the Citation and Plaintiff's Original Petition. *See* Exhibit "B" attached hereto and incorporated herein by reference. Scottsdale timely filed its answer in the State Court Action on October 16, 2015. *See* Exhibit "C" attached hereto and incorporated herein by reference.

3. U.S. Risk Underwriters was served on September 24, 2015 and has not yet filed an answer in the State Court Action. *See* Exhibit "D" attached hereto and incorporated herein by reference.

4. Scottsdale's Notice of Removal was filed on October 22, 2015, which is within the thirty-day statutory time period for removal under 28 U.S.C. § 1446(b).

## II.   BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5. Plaintiff, Gary Steele, is a citizen of Texas who is domiciled in Hidalgo County, Texas.

6. Green Point Apartments, LTD is a misnomer for Greenspointe Apartments, LTD. Greenspointe Apartments, LTD, is a limited partnership organized under the laws of Texas with its principal place of business in Hidalgo County, Texas. Rental Managers, Inc. is the general partner of Greenspointe Apartments, LTD and is a corporation organized under the laws of Texas with its principal place of business in Hidalgo County, Texas.

7. Plaintiff, Steele Properties, LP, is a limited partnership organized under the laws of Texas with its principal place of business in Hidalgo County, Texas. GWS, Inc. is the general partner of Steele Properties, LP and is a corporation organized under the laws of Texas with its principal place of business in Hidalgo County, Texas.

8. Defendant, Scottsdale Insurance Company, is a company organized under the laws of Ohio with its principal place of business in Arizona.

9. Defendant, US Risk Underwriters ("US Risk"), is a foreign company with its principal place of business in Dallas, Texas. However, US Risk's citizenship should be disregarded because Plaintiffs have improperly joined them as a party.

10. Defendant, US Risk, consents to the removal of this case to federal court.

**A. Amount in Controversy**

11. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the plaintiff's pleadings. The damages the Plaintiff claims in his petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Plaintiffs' petition seeks monetary relief over $1,000,000. *See* Exhibit A at ¶ 35.

**B. US Risk is Improperly Joined**

12. Improper joinder is determined based on an analysis of causes of action alleged in the petition at the time of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994). It is well-settled that the right to remove a civil action upon the basis of diversity jurisdiction cannot be defeated by the improper joinder of a resident defendant having no real connection with the controversy. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Thus, when determining whether diversity jurisdiction exists, courts shall disregard the citizenship of improperly joined defendants. *Tedder*, 590 F.2d at 117. The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court. *Id.*

      **i. Plaintiffs failed to state a recoverable claim against US Risk Underwriters**

13. US Risk is improperly joined to this case as there is "no possibility of recovery" by Plaintiffs against US Risk, meaning "there is no reasonable basis for the district court to predict that Plaintiff[s] might be able to recover" against US Risk. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). US Risk, who was the Managing General Agent (also

commonly referred to as a "broker") for the insurance policy at issue, Policy No. CPS1522439, (the "Policy"). US Risk merely issues the Policy for a non-admitted carrier such as Scottsdale. Plaintiffs named US Risk as a defendant, but did not make specific allegations of wrongdoing against it. Instead, Plaintiffs plead conclusions and repeatedly alleged that "Defendants" or "Defendants insurer" are liable to Plaintiffs for various causes of actions. A conclusory allegation is insufficient to preclude removal due to fraudulent joinder. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

14. Removal jurisdiction is determined by looking to the claims and specific facts alleged, or lack thereof, in plaintiff's petition as they exist at the time of removal. *See Cavallini v. State Farm. Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Just mentioning a defendant and then failing to state specific actionable conduct against him does not suffice to state a claim. *See Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). The Fifth Circuit has affirmed the finding of improper joinder when a plaintiff's petition alleges no actionable facts specific to the individual defendant. In *Griggs*, the only conduct alleged in the petition on the part of the insurance agent defendant was that he issued the policy; the rest of the pleading referred to conduct by the "Defendants" that could in no way be attributed to the agent. *Id.* at 699. In *Cavallini*, after recounting the petition, which mentioned the individual defendant only in the introduction and service of process paragraph and thereafter made allegations against only the defendant insurance company or "Defendants," the Court stated simply: "No more need be said. As reflected above, the complaint fails to state a claim" against the individual. *Cavallini*, 44 F.3d at 260-61 & n. 8.

15. In this case, Plaintiffs alleged, *inter alia*, that US Risk's acts constituted violations of the Texas Deceptive Trade Practices Act, Texas Insurance Code, and Unfair Settlement

Practices. *See* Exhibit "A", paragraphs 16-26. Plaintiffs' pleading tracks the language of a number of the enumerated acts and practices that could constitute violations under the Insurance Code and the Texas Deceptive Trade Practices Act. Plaintiff's allegations are merely conclusory statements. A conclusory allegation is insufficient to preclude removal due to fraudulent joinder. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). Moreover, no actual representations or misrepresentations made by US Risk are identified in the pleading.

16. Further, because US Risk was not the insurer, **US Risk played no role in the handling of Plaintiffs' claim, had no authority to accept or reject a claim, had no authority or obligation to pay a claim, had no authority to make coverage decisions, and no authority with respect to the processing or investigation of Plaintiffs' claim.** Plaintiffs' pleading makes no allegations against US Risk for its involvement in transmitting the Policy to the Plaintiffs' retail agent. Instead, the pleading refers to conduct solely related to claims handling that could in no way be attributed to US Risk as the managing general agent. There is, therefore, no basis for Plaintiffs' claims alleging that US Risk engaged in violations of the Texas Deceptive Trade Practices Act, Texas Insurance Code, and/or Unfair Settlement Practices.

17. Further, both the Texas Insurance Code and the Deceptive Trade Practices Act require proof that a defendant's conduct was the cause in fact of actual damages. *Griggs*, 181 F.3d at 702 (internal citations omitted). Plaintiffs claim to have been injured by Scottsdale's failure to pay Plaintiffs' claim. As stated above, US Risk had no involvement in the handling of Plaintiffs' claim and had no authority to pay Plaintiffs' claim. As such, there is no conceivable basis in law or fact upon which US Risk's conduct can be construed as causing the injury alleged by Plaintiffs.

18. Further, Plaintiffs alleged that US Risk is liable for the breach of the duty of good faith and fair dealing. "[I]n an insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a 'special relationship.'" *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994). US Risk was not Plaintiff's insurer and did not have this special relationship. There is, therefore, no basis under Texas law for Plaintiffs' claim against US Risk for the breach of the duty of good faith and fair dealing.

19. Further, neither US Risk nor Scottsdale can be liable for negligence because Texas does not recognize a cause of action for negligent claims-handling. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). Thus, Plaintiffs cannot recover for their claim of negligence against US Risk or Scottsdale.

20. Because Plaintiff has failed to state a recoverable claim against US Risk, US Risk's citizenship should be disregarded for purposes of determining diversity jurisdiction.

### III.   INFORMATION FOR THE CLERK

19. Plaintiffs: Gary Steele, Green Point Apartments, Ltd., and Steele Properties, L.P.

20. Defendants: Scottsdale Insurance Company and U.S. Risk Underwriters.

21. The case is pending in the state court of Hidalgo County:

    430th Judicial District Court
    Honorable Israel Ramon
    100 North Closner
    Edinburg, Texas 78539
    Telephone: (956) 318-2200
    Telecopier: (956) 318-2251

22. A civil cover sheet is attached.

23. A copy of Plaintiff's Original Petition is attached as Exhibit "A".

24. A copy of services is attached as Exhibit "B".

PD.18254337.1

25. A copy of the answer for Scottsdale Insurance Company is attached as Exhibit "C".

26. A copy of the state court's docket sheet is attached as Exhibit "D".

27. A copy of the notice of removal to state court is attached as Exhibit "E."

28. An index of matters is attached.

29. There are no other pleadings in state court.

30. Counsel for Plaintiffs:
    David DeGroot
    THE DEGROOT LAW FIRM, PLLC
    3827 N. 10th St., Suite 304
    McAllen, TX  78501Alison W. Baker
    Telephone: (956) 627-2787
    Telecopier: (956) 627-4363
    E-mail:  sj@degrootlaw.org

31. Counsel for Defendant, Scottsdale Insurance Company:
    Peri H. Alkas
    Ashley M. Parker
    PHELPS DUNBAR LLP
    One Allen Center
    500 Dallas St., Suite 1300
    Houston, Texas  77002
    Telephone: (713) 626-1386
    Telecopier: (713) 626-1388
    Email:  peri.alkas@phelps.com
            Ashley.parker@phelps.com

## C. JURY DEMAND

32. All parties demanded a jury trial in state court.

33. Scottsdale hereby requests a trial by jury in federal court as well.

## D. CONCLUSION

34. Because all Plaintiffs are citizens of the State of Texas, Defendant Scottsdale is a business organized under the laws of Ohio and having its principal place of business in Arizona, and the amount in controversy exceeds $75,000, and the citizenship of US Risk should be

disregarded, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

WHEREFORE, Scottsdale Insurance Company respectfully requests that the above entitled action be removed from the 430th District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By: /s/ P. Alkas
Peri H. Alkas
State Bar No. 00783536
Federal Bar No. 15785
ATTORNEY-IN-CHARGE
PHELPS DUNBAR, LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email: alkasp@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
SCOTTSDALE INSURANCE COMPANY**

**OF COUNSEL:**
**PHELPS DUNBAR LLP**
Ashley M. Parker
Texas Bar No. 24081085
ashley.parker@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel as listed below by placing a copy of same in the United States mail, certified, return receipt requested on October 22, 2015.

David DeGroot  
THE DEGROOT LAW FIRM, PLLC  
3827 N. 10th St., Suite 304  
McAllen, TX 78501  
*COUNSEL FOR PLAINTIFF*

VIA CM/RRR: 7014 3490 0000 3310 5835

_____  
Peri H. Alkas / Ashley M. Parker