Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-2839-15-J**

| | | |
|---|---|---|
| **GARY STEELE, GREEN POINT APARTMENTS, LTD., AND STEELE PROPERTIES LP,** | § § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| VS. | § § | |
| **SCOTTSDALE INSURANCE COMPANY; U.S. RISK UNDERWRITERS** | § § § § | _____ **JUDICIAL DISTRICT** |
| **Defendant.** | | |

Received
OCT 05 15
SOP TRC

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Gary Steele, Green Point Apartments, LTD., and Steele Properties LP ("Plaintiffs"), and files this, his *Original Petition* complaining of Defendants, Scottsdale Insurance Company and U.S. Risk Underwriters ("Defendants"), and would respectfully show the Court the following:

### I. Discovery Control Plan

1. Plaintiffs intend to conduct Level 2 discovery under Texas Rules of Civil Procedure 190.4.

### II. Parties

2. Plaintiff, Gary Steele, is an individual residing in Hidalgo County, Texas, and may be served through his attorney of record at the address below.

3. Plaintiff, Green Point Apartments, LTD., as a company residing in Hidalgo County, Texas, and may be served through its attorney of record at the address below.

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2839-15-J**

4. Plaintiff, Steele Properties LP, as a company residing in Hidalgo County, Texas, and may be served through its attorney of record at the address below.

5. Defendant Scottsdale Insurance Company is a foreign insurance company eligible to do business in the state of Texas and can be served with process by certified mail return receipt requested through the Commissioner of Insurance, Texas Department of Insurance, P.O. Box 149104, Austin, TX 78714-9104.

6. Defendant U.S. Risk Underwriter is an alien insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through the Commissioner of Insurance, Texas Department of Insurance, 11200 Richmond Avenue, Suite 600 Houston, Texas 77082.

### III. Venue and Jurisdiction

7. Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.035(b). Because this suit has been filed against an insurance entity, the 206th Judicial District Court has jurisdiction over all pretrial issues in this matter, in accordance with the Order assigning cases for pretrial matters concerning Hidalgo County Residential and Commercial Hail Claims entered by the Hidalgo County District Court Judges on June 17, 2013.

### IV. Facts

8. Insurer issued an insurance policy naming Green Point Apartments as the insured, of which Plaintiff is the owner, providing coverage for direct physical loss caused by windstorm or hail to their properties located at 3101 N. 8th Street, McAllen, TX 78501. Insurer issued an

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2839-15-J

insurance policy naming Steele Properties LP as the insured, of which Plaintiff is the owner, providing coverage for direct physical loss caused by windstorm and hail to their properties located at 2401 N. 32nd Street, McAllen, TX 78501; 2405 N. 32nd Street, McAllen, TX 78501; 2409 N. 32nd Street, McAllen, TX 78501; 2413 N. 32nd Street, McAllen, TX 78501 and 2417 N. 32nd Street, McAllen, TX 78501.   Pursuant to the terms of the policy, numbered CPS1522439, Plaintiffs had insurance protection on the dwellings and on personal property for any and each such loss resulting from windstorm and hail damage.   The buildings and contents insured pursuant to the insurance contract sustained damage as the result of two massive hail storms, which struck the Rio Grande Valley area on March 29, 2012 and on April 20, 2012, during the policy period.   The hail and wind storm created openings in the building through which rain and hail entered and caused extensive damage.   Plaintiffs filed a claim and Insurer assigned claim number 1408905.

9. Thereafter, the Defendants conducted a pretextual and faulty investigation. Defendants underpaid Plaintiffs' property damage claim even though liability for such damages was reasonably clear.

10. Defendants wrongfully denied and/or underpaid Plaintiffs' claim under the policy. Plaintiffs seeks a declaration that their claimed losses are covered occurrences under the Policy and seeks damages for their insurer's wrongful denial.

11. Plaintiffs first hired a public adjuster to pursue their claims, but when the Defendants failed to compensate them as required under the policy, Plaintiffs hired the undersigned attorney to pursue the matter following his insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiffs, a written demand for payment was made on January 16, 2015.

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2839-15-J

To date, Insurer has failed and refused to pay Plaintiffs for their attorney's fees, expenses and mental anguish in having to pursue that which they are entitled under their policy of insurance.

12. The actual damages incurred by Plaintiffs in the storms is $3,591,759.02. Plus, three times the actual damage amount in punitive and exemplary damages acquired.

## V.  Causes of Action

### Cause of Action 1:  Breach of Contract

13. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

14. Plaintiffs paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiffs' losses under the Policy.

15. Insurer failed and refused to pay the value of the Plaintiffs' claims, thereby materially breaching the Policy and causing Plaintiffs to suffer those losses together with other harm as described further in this petition.

### Cause of Action 2:  Violation of the Texas Deceptive Trade Practices Act

16. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

17. At the time of Plaintiffs' purchase of the Policy, Defendants insurer was engaged in the business of risk management and for all practical purposes was also engaged in the business of insurance.  This insurer underwrote the Policy and provided licensed adjusters to investigate and adjust claims.

18. Insurer's conduct constitutes unfair and deceptive acts or practices in violation of the following sections of the Texas Deceptive Trade Practices-Consumer Protection Act:

17.46(b)(5), for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

17.46(b)(7), for representing that goods or services are of a particular

## C-2839-15-J

standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

17.46(b)(12), for representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

19. Plaintiffs brings suit under these sections of the Texas Deceptive Trade Practices for their actual damages, as set forth above, and by reason of Defendants Insurer knowing and/or intentional conduct, brings suit for additional damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code.

## Cause of Action 3:  Texas Insurance Code Violations

20. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

21. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Sections 541 and 542, *et seq.* was sent to Defendant insurer.  All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiffs alleged that as to any such terms, conditions, notices, or requirements, their insurer has waived them, and is estopped from asserting them, and/or Plaintiffs substantially complied with them.  Plaintiffs makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by their insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

22. In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2839-15-J**

coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendants' violations of the Texas Insurance Code have proximately caused Plaintiffs'

damages. Plaintiffs further seek interest and attorney's fees under Section 542.060 of the Texas

Insurance Code for Defendants insurer's violations.

## Cause of Action 4:  Breach of the Duty of Good Faith and Fair Dealing and Breach of Fiduciary Duty

23. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

24. From and after the time Plaintiffs' claim was presented to his insurer, liability to pay

the claim in accordance with the terms of the Policy was reasonably clear. Despite there being

no basis whatsoever on which a reasonable insurance or risk management company would have

C-2839-15-J

relied to adjust Plaintiffs' claim, Insurer refused to accept the claim payable to Plaintiffs as the Policy required. Despite losses clearly identified by Plaintiffs, insurer underpaid each and every part of Plaintiffs' claim.

25. At that time, Defendants insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendants insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

26. Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiffs. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiffs. Insurer also breached their fiduciary duties to Plaintiffs that arose out of the special relationship that existed between the parties causing damage to the Plaintiffs.

## Cause of Action 5: Negligence

27. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

28. Insurer, its agents, servants, and employees, owe Plaintiffs a duty to conduct their claims handling, investigation and adjustment in a reasonable manner and in accordance with the appropriate standard of care in the business of insurance. Insurer breached this standard of care, and the damages sustained by Plaintiffs were proximately caused, in whole or in part, by the negligence of the insurer, its agents, servants, or employees in their claims handling, investigation, and adjustment of these claims.

## Cause of Action 6: Gross Negligence

29. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

30. Insurer's negligence demonstrated a willful and wanton disregard for the rights,

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2839-15-J

welfare, and safety of Plaintiffs. Therefore, Plaintiffs are entitled to exemplary damages against insurer.

## VI. Actual and Treble Damages

31. Plaintiffs incorporates each of the previous paragraphs as if fully set forth herein.

32. Insurer's conduct as described above was a producing cause of Plaintiffs' economic damages. As a result, Plaintiffs sustained damages in an amount in excess of the minimum jurisdiction.

33. These acts and omissions on Defendants insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

34. Consequently, Plaintiffs request that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

## VII. Rule 47(c) Statement

35. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiffs pleads that the relief he seeks is monetary in nature and is over $1,000,000.

## VIII. Attorney's Fees

36. Plaintiffs incorporates each of the previous allegations set forth herein.

37. The insurer's conduct as described in this petition and the resulting damages and loss to Plaintiffs have necessitated Plaintiffs' retention of the attorney whose name is subscribed to this petition. Plaintiffs are, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiffs for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiffs have presented their claim for attorney's fees, but Defendants chose to ignore it. Thus, Plaintiffs request attorney's fees under Texas Civil Practice and

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2839-15-J**

Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## IX. Exemplary Damages

38. Plaintiffs incorporates each of the previous allegations set forth herein.

39. The conduct, occurrences, representations, acts, omissions, gross negligence, bad faith, and all other allegations against Defendants stated in this petition rise to the level that exemplary damages are warranted under Section 41.003 of the Texas Civil Practice & Remedies Code.

## X. Conditions Precedent

40. All of the conditions precedent to bringing this suit and to Defendants' liability under the Policy for the claims alleged have been performed or have occurred.

## XI. Jury Demand

41. Plaintiffs respectfully request trial of this cause before a Hidalgo County jury.

## XII. Prayer

**WHEREFORE**, Plaintiffs request that Insurer be cited to appear and answer, and that on final trial, Plaintiffs have the following:

a.  Judgment against the insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b.  By reason of insurer's knowing and intentional conduct, treble damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code;

c.  Prejudgment interest as provided by law;

d.  Postjudgment interest as provided by law;

e.  Attorney's fees;

Electronically Filed
7/1/2015 4:22:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2839-15-J**

f.    Costs of suit; and

g.    All other relief to which Plaintiffs may show them-self entitled, either at law or in

equity, either general or special, under the facts set forth in his petition.


Respectfully submitted,

**The DeGroot Law Firm, PLLC**
3827 N. 10th St., Ste. 304
McAllen, Texas 78501
Tel:  (956) 627-2787
Fax:  (956) 627-4363


DAVID DEGROOT
State Bar No. 24044444
*Attorney for Plaintiffs*